## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BAPTIST MEMORIAL HOSPITAL, d/b/a | ) | |
| BAPTIST MEMORIAL HOSPITAL-MEMPHIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:07CV02245 (RWR) |
| | ) | |
| MICHAEL O. LEAVITT, Secretary, | ) | |
| U.S. Department of Health and Human Services, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### DEFENDANT'S ANSWER

Defendant Michael O. Leavitt, the Secretary of Health and Human Services ("the Secretary" or "Defendant"), by and through his undersigned counsel, answers Plaintiff Baptist Memorial Hospital - Memphis (Plaintiff or "BMH-Memphis")'s Complaint for Judicial Review of Final Adverse Agency Decision on Medicare Reimbursement ("Complaint") as follows:

### FIRST DEFENSE

Plaintiff's claims for additional payment under the Medicare program are barred on the grounds of estoppel, res judicata, claim and issue preclusion, waiver, and the applicable statute of limitations.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Answering specifically each paragraph of the Complaint, and using the same numbering contained in the Complaint, Defendant pleads as follows:

1.  Defendant lacks knowledge and information sufficient to form a belief as to the truth

of the allegations in the first and second sentences of this paragraph that Plaintiff is a non-profit hospital, and that other Baptist Memorial Hospital Care Corporation hospitals participate in the Medicare program, and on that basis, he denies them.  Denies the remaining allegations in the first and second sentences, except to admit that the Plaintiff is a hospital which participates in the Medicare program and is owned and operated by Baptist Memorial Healthcare Corporation ("BMHCC").  The remainder of this paragraph and the accompanying footnote contain conclusions of law, as well as Plaintiff's characterizations of this action, an August 30, 2007 decision of the Provider Reimbursement Review Board ("PRRB"), a November 2, 2007 decision of the CMS Administrator, various Medicare regulations, various payment instructions, and another case pending before this Court entitled Baptist Memorial Hospital d/b/a Baptist Memorial Hospital-Memphis v. Leavitt, case number 1:07cv1938 (RWR) (D.D.C.), not allegations of fact, and thus no response is required.  To the extent a response is required, denies. The Secretary specifically denies any characterization of the cited PRRB decision, which speaks for itself, and respectfully refers the Court to the cited PRRB decision for a complete and accurate statement of its contents.  See Certified Administrative Record ("AR") 246-54.[1]  The Secretary also specifically denies any characterization of the cited Administrator's decision, which speaks for itself, and respectfully refers the Court to the cited decision for a complete and accurate statement of its contents.  See AR 2-21.

2.  The first, second, third, and fourth sentences of this paragraph contain excerpts from, and Plaintiff's characterization of the PRRB's August 30, 2007 decision, not allegations of fact,

---

[1]  The Secretary is filing separately the certified, four-volume administrative record for this action.

and thus no response is required.  The Secretary denies that the excerpts in the second sentence are accurate, admits that the excerpt in the third sentence is accurate, denies any characterization of the cited decision, which speaks for itself, and respectfully refers the Court to the cited decision for a complete and accurate statement of its contents.  See AR 246-54.  The fifth sentence contains Plaintiff's characterization of the CMS Administrator's November 2, 2007 decision, not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the cited decision, which speaks for itself, and respectfully refers the Court to the cited decision for a complete and accurate statement of its contents.  See AR 2-21.

3.  This paragraph contains Plaintiff's characterization of this action, Title XVIII of the Social Security Act, as amended (42 U.S.C. §§ 1395-1395hhh), and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 et. seq., not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

4.  This paragraph contains conclusions of law, Plaintiff's characterization of this action, and Plaintiff's characterization of 42 U.S.C. § 1395oo(f), not allegations of fact, to which no response is required.  The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

5.  Defendant lacks knowledge or information sufficient to allow him to admit or deny the allegations in the first sentence that Plaintiff was formerly known as Baptist-Memphis Memorial Hospital Center East, that Plaintiff is organized as a non-profit hospital, and that

Plaintiff provides inpatient services at 6019 Walnut Grove Road, Memphis, Tennessee 38120, and on that basis, he denies them. Denies the remaining allegations in the first sentence of this paragraph, except to admit that Plaintiff was, among other things, a hospital which is based in Memphis, Tennessee, that it participates in the Medicare program, and that it is assigned provider number 44-0048. The second sentence contains a conclusion of law and Plaintiff's characterization of 42 U.S.C. § 1395x(e) and 42 C.F.R. § 489.2(b)(1), not allegations of fact, to which no response is required. The Secretary denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

6. Admits the first sentence of this paragraph. Denies the remaining allegations of this paragraph, except to admit that the Secretary is responsible for the administration of the Medicare program, and that he has delegated considerable authority for administration of the Medicare program to the Administrator of the Centers for Medicare and Medicaid Services ("CMS") (formerly the Health Care Financing Administration ("HCFA")).

7. Admits the first sentence of this paragraph. The second sentence contains conclusions of law and Plaintiff's characterization of 42 U.S.C. § 1395x(u) and other provisions of the Medicare Act and Title XVIII of the Social Security Act, not allegations of fact, to which no response is required. The Secretary denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

8-9. These paragraphs contain conclusions of law and Plaintiff's characterizations of (among other provisions) 42 U.S.C. § 1395h and 42 C.F.R. § 405.1803, not allegations of fact,

4

and thus no response is required. The Secretary denies any characterization of these provisions, which speak for themselves, and respectfully refers the Court to 42 C.F.R. §§ 413.20 and 413.24(f) for a full and accurate description of the function of the Medicare cost report; to 42 U.S.C. § 1395h and 42 C.F.R. §§ 421.1-421.128 for a full and accurate account of the role of the Medicare fiscal intermediaries in the provider reimbursement process; and to 42 C.F.R. § 405.1803 for a full and accurate description of the notice of program reimbursement ("NPR") issued by a fiscal intermediary to a provider participating in the Medicare program. Defendant further avers that, for the time period relevant to this action, hospitals were required to comply with the applicable statutory, regulatory, and manual provisions in preparing and submitting cost reports, and that upon the receipt of a provider's cost report, or amended cost report, intermediaries reviewed, and if necessary audited, the costs to make sure that they were reasonable and necessary, and would issue an NPR, which informed the provider of the final determination of Medicare reimbursement for the cost reporting period at issue.

10-15.  These paragraphs contain conclusions of law and Plaintiff's characterizations of 42 U.S.C. §§ 1395oo(a) and 1395oo(f)(1), as well as 42 C.F.R. §§ 405.1835-405.1871, 405.1875, 413.30(c)(2), not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a full and accurate description of the exclusive process for administrative and judicial review of provider reimbursement disputes.

16.  This paragraph contains conclusions of law, Plaintiff's characterizations of 42 U.S.C. §§ 1395x and 1395yy(a), as well as excerpts from and Plaintiff's characterizations of 42 C.F.R. § 413.30 and Provider Reimbursement Manual ("PRM"), Part 1, Chapter ("Ch.") 25, §§ 2530.2,

2530.3, and 2530.4, not allegations of fact, and thus no response is required.  The Secretary admits that the excerpts are accurate, but denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

17.  This paragraph contains conclusions of law, Plaintiff's characterizations of 64 Fed. Reg. 42610 (Aug. 5, 1999), 42 C.F.R. §§ 413.30(c) and 413.30(e), and PRM, Part 1, Ch. 24, § 2531.1A, as well as excerpts from and Plaintiff's characterization of 63 Fed. Reg. 42797, not allegations of fact, and thus no response is required.  The Secretary denies that the excerpt from 63 Fed. Reg. 42797 is accurate, and denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

18.  Denies the first and second sentences of this paragraph, except to admit that, during the period relevant to this action, BMHCC owned and operated a Skilled Nursing Facility ("SNF"), which had the provider number 44-5195, and that BMHCC owned and operated BMH-Memphis, which had the provider number 44-0048.  Defendant lacks knowledge or information sufficient to allow him to admit or deny the allegations in the third sentence of this paragraph, and, on that basis, he denies them.

19.  Defendant lacks knowledge or information sufficient to allow him to admit or deny the allegations in this paragraph, and, on that basis, he denies them.

20.  Admits the first sentence of this paragraph.  The second sentence contains Plaintiff's characterization of the September 21, 1998 NPR that the Intermediary issued for BMH-Memphis's cost year for the Fiscal Year Ending ("FYE") September 30, 1995 and BMHCC's

SNF's cost year for the FYE September 30, 1995, not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the September 21, 1998 NPR, which speaks for itself, and respectfully refers the Court to the NPR, copies of and excerpts from which can be found at AR 1383-87, 1612-14, 1665-66, 1854-62, 1879-83, for a complete and accurate statement of its contents.  Denies the third sentence, except to admit that the Medicare Fiscal Intermediary issued a revised NPR on November 6, 2001, which, among other things, contained home office adjustments which impacted the routine costs of BMH-Memphis's SNF.  The fourth sentence contains Plaintiff's characterization of the November 6, 2001 revised NPR, Audit Adjustment Reports, worksheets, and letters that the Intermediary issued for BMH-Memphis's cost year for the FYE September 30, 1995 and BMHCC's SNF's cost year for the FYE September 30, 1995, not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the November 6, 2001 revised NPR, Audit Adjustment Reports, worksheets, and letters, which speak for themselves, and respectfully refers the Court to copies of and excerpts from these NPRs, Audit Adjustment Reports, worksheets, and letters concerning Audited Medicare Cost Settlements, portions of which can be found at AR 1491-1507, 1622-24, 1822-24, 1864-73, 1885-88, for a complete and accurate statement of their contents.  Denies the fifth sentence, except to admit that on or about May 6, 2002, a request for an atypical services exception to the Routine Cost Limit ("RCL") applicable to SNFs was submitted on behalf of BMHCC's SNF.  The Secretary respectfully refers the Court to that document, portions of which can be found at AR 1509-29, for a complete and accurate statement of its contents.

21.  This paragraph contains conclusions of law, Plaintiff's characterization of a May 14, 2002 letter in which the Medicare Fiscal Intermediary denied the request which had been

submitted on behalf of BMHCC's SNF for an exception to the RCL applicable to SNFs and explained its basis for so doing, and Plaintiff's characterization of a November 7, 2002 letter in which BMH-Memphis and BMHCC's SNF sought review by the PRRB, not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the May 14, 2002 and November 7, 2002 letters, which speak for themselves, and respectfully refers the Court to the May 14, 2002 letter, which can be found at AR 1531-33, 1617-19, 1816-18, and 1927-29, and to the November 7, 2002 letter, which can be found at AR 1535-37 and 1919-21, for a complete and accurate statement of their contents.

22.   The first sentence of this paragraph contains Plaintiff's characterization of a letter from the Intermediary dated December 27, 2004 which challenged the PRRB's jurisdiction over the Intermediary's denial of the request which had been submitted on behalf of BMHCC's SNF for an exception to the RCL applicable to SNFs, not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the letter, which speaks for itself, and respectfully refers the Court to the letter, which can be found at AR 1811-15, for a complete and accurate statement of its contents.  The second sentence contains Plaintiff's characterization of the PRRB's January 13, 2006 jurisdictional decision, not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the cited jurisdictional decision, which speaks for itself, and respectfully refers the Court to the cited decision for a complete and accurate statement of its contents.  See AR 1053-54.

23.   This paragraph contains Plaintiff's characterization of the PRRB's October 24, 2006 hearing and an excerpt from and Plaintiff's characterization of the PRRB's August 30, 2007 decision, not allegations of fact, and thus no response is required.  The Secretary denies that the

excerpt is accurate, and denies any characterization of the cited hearing and decision, which speak for themselves, and respectfully refers the Court to the transcript of the cited hearing, which can be found at AR 327-87, and to the cited decision, which can be found at AR 246-54, for a complete and accurate statement of their contents.

24.  This paragraph contains excerpts from, and Plaintiff's characterization of, the PRRB's August 30, 2007 decision, not allegations of fact, and thus no response is required.  The Secretary admits that the excerpts are accurate, but denies any characterization of the cited decision, which speaks for itself, and respectfully refers the Court to the cited decision for a complete and accurate statement of its contents.  See AR 246-54.

25.  This paragraph contains excerpts from, and Plaintiff's characterization of, the October 29, 2007 decision by the Administrator of CMS, not allegations of fact, and thus no response is required.  The Secretary admits that the excerpts are accurate, but denies any characterization of the cited decision, which speaks for itself, and respectfully refers the Court to the cited decision for a complete and accurate statement of its contents.  See AR 2-21.

26.  Denies the first sentence of this paragraph, except to admit that generally, under the prospective payment system ("PPS"), hospitals are paid predetermined amounts for certain diagnosis-related groups, subject to certain payment adjustments.  The second sentence contains a conclusion of law and Plaintiff's characterization of 42 U.S.C. § 1395ww(d)(1)-(5) and 42 C.F.R. Part 412, not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.  The third and fourth sentences contain conclusions of law, and an excerpt from, and Plaintiff's

characterization of, 42 U.S.C. § 1395ww(d)(5)(F), not allegations of fact, and thus no response is required. The Secretary admits that the excerpt is accurate, but denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

27. The first and second sentences of this paragraph contain conclusions of law, and an excerpt from and Plaintiff's characterization of 42 U.S.C. § 1395ww(d)(5)(F)(vi), not allegations of fact, and thus no response is required. The Secretary admits that the excerpt is accurate, but denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents. Denies the third and fourth sentences, except to admit that a larger number of patient days in the numerator of the Medicaid fraction of the Medicare disproportionate share adjustment ("DSH") calculation may result in a larger Medicare DSH adjustment.

28. The first sentence contains conclusions of law and Plaintiff's characterization of Title XIX of the Social Security Act, 42 U.S.C. § 1396-1396v (the "Medicaid statute"), not allegations of fact, and thus no response is required. The second, third, and forth sentences contain conclusions of law and Plaintiff's characterization of 42 U.S.C. § 1396c and § 1396d(a), not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

29. This paragraph contains conclusions of law and Plaintiff's characterization of 42 U.S.C. § 1396a(a)(5) and § 1395a(a)(10)(A)(ii), not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited provisions, which speak for

themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

30.  This paragraph contains conclusions of law, Plaintiff's characterization of 42 U.S.C. § 1315, and an excerpt from and Plaintiff's characterization of 42 U.S.C. § 1315(a)(2)(A), not allegations of fact, and thus no response is required.  The Secretary admits that the excerpt is accurate, but denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

31.  Denies the first sentence, except to admit that the State of Tennessee operates a federal waiver plan under the Medicaid Act approved by the Secretary under 42 U.S.C. § 1315. Admits the second sentence.  Denies the third sentence, except to admit that the federal waiver plan altered certain Medicaid eligibility requirements for the receipt of medical benefits under the TennCare program.  The fourth and fifth sentences contain conclusions of law, not allegations of fact, and thus no response is required.  The Secretary respectfully refers the Court to Tenn. Comp. R. & Regs. 1200-13-13-.02 for a full and accurate description of the eligibility requirements applicable to the TennCare program.  The sixth sentence contains Plaintiff's characterization of a letter from Bruce Vladeck, Administrator of CMS, to Mr. H. Russell White, Commissioner, Tennessee Department of Health, not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the letter, which speaks for itself, and respectfully refers the Court to the letter for a complete and accurate statement of its contents.[2]

---

[2]  The responses in this paragraph, (¶ 31), are based upon counsel's review of documents contained in the administrative record of a case which is now pending before this Court, Baptist Memorial Hospital v. Leavitt, Case. No. 1:07cv1938 (RWR) (D.D.C.).  The letter referenced

32.   Denies the first sentence, except to admit that on February 27, 1997, the Secretary changed his interpretation of the DSH adjustment to include all inpatient hospital days of service for patients who were eligible on that day for medical assistance under a State Medicaid plan in the Medicaid fraction, whether or not the hospital received payment for those inpatient services. The second sentence contains Plaintiff's characterization of four separate decisions of four different federal courts of appeals, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited decisions, which speak for themselves, and respectfully refers the Court to the cited decisions for a complete and accurate statement of their contents.

33.   The first sentence contains Plaintiff's characterization of  HCFA Ruling 97-2 (Feb. 27, 1997), not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the HCFA Ruling, which speaks for itself, and respectfully refers the Court to the HCFA Ruling, which is available on CMS's website, for a complete and accurate statement of its contents.  See http://www.cms.hhs.gov/Rulings/downloads/hcfar972.pdf.  Denies the second sentence.

34.   This paragraph contains conclusions of law and Plaintiff's characterization of an October 15, 1999 letter from Michael Hash, Deputy Administrator, CMS, to The Honorable William V. Roth, Chairman, Senate Finance Committee, not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the letter, which speaks for itself, and respectfully refers the Court to the text of letter, for a full and accurate statement of its

---

above in paragraph 31 may be found in the administrative record in that case at pages 640-43.

contents.[3]

35-36.  These paragraphs contain excerpts from and Plaintiff's characterization of Medicare Program Memorandum A-99-62, not allegations of fact, and thus no response is required.  The Secretary admits that the excerpts are accurate, but denies any characterization of the Program Memorandum, which speaks for itself, and respectfully refers the Court to the text of the Program Memorandum, which can be found at AR 1092-96, for a full and accurate statement of its contents.

37.  Defendant lacks knowledge or information sufficient to allow him to admit or deny the allegation in this paragraph, and on that basis, denies them.

38.  The first and second sentences of this paragraph contain Plaintiff's characterization of a revised NPR dated February 24, 2005 and Audit Adjustment Reports that the Intermediary issued for BMH-Memphis's cost year ending September 30, 1995 and BMHCC's SNF's cost year ending September 30, 1995, not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the February 24, 2005 revised NPR and Audit Adjustment Reports, which speak for themselves, and respectfully refers the Court to these documents, portions of which can be found at AR 1783-89, for a complete and accurate statement of their contents.  The third sentence contains Plaintiff's characterization of an August 19, 2005 letter from BMHCC's counsel to the PRRB which requested a hearing before the PRRB, not allegations of fact, and thus no response is required.  The Secretary denies any

---

[3]  The responses in this paragraph, (¶ 34), are based upon counsel's review of documents contained in the administrative record of Baptist Memorial Hospital v. Leavitt, Case. No. 1:07cv1938 (RWR) (D.D.C.).  The letter referenced in paragraph 34 may be found in the administrative record in that case at pages 755-56.  See also CCH Medicare and Medicaid Guide ¶ 50,262 (containing a reproduction of that letter).

characterization of the letter, which speaks for itself, and respectfully refers the Court to the letter, which can be found at AR 1776-79, for a complete and accurate statement of its contents.

39. Denies the first sentence of this paragraph. The second and fourth sentences contain excerpts from, and Plaintiff's characterization of, the PRRB's August 30, 2007 decision, not allegations of fact, and thus no response is required. The Secretary admits that the excerpts are accurate, but denies any characterization of PRRB decision, which speaks for itself, and respectfully refers the Court to the cited decision, which can be found at AR 246-54, for a complete and accurate statement of its contents. The third sentence contains Plaintiff's characterization of both an October 20, 2006 Stipulation between BMH-Memphis and the Medicare Fiscal Intermediary and the PRRB's August 30, 2007 decision, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited Stipulation and PRRB decision, which speak for themselves, and respectfully refers the Court to the Stipulation, which can be found at AR 388-92, and to the cited decision, which can be found at AR 246-54, for a complete and accurate statement of their contents.

40. Denies the allegations in this paragraph, except to admit that the Administrator of CMS issued a decision dated October 29, 2007 in this case. The Secretary respectfully refers the Court to the decision, which can be found at AR 2-21, for a complete and accurate statement of its contents.

41. Admits the first sentence. The second and third sentences contain Plaintiff's characterization of a September 23, 1997 NPR, not allegations of fact, and thus no response is required. The Secretary respectfully refers the Court to the NPR, which speaks for itself, for a

full and accurate statement of its contents.[4]

42. This paragraph contains conclusions of law and Plaintiff's characterization of a letter dated March 19, 1998 from Plaintiff to the PRRB, not allegations of fact, and thus no response is required. The Secretary respectfully refers the Court to Plaintiff's March 19, 1998 letter to the PRRB, which speaks for itself, for a full and accurate statement of its contents.[5]

43. This paragraph contains Plaintiff's characterization of an October 25, 2005 letter of the PRRB, not allegations of fact, and thus no response is required. The Secretary respectfully refers the Court to the October 25, 2005 letter of the PRRB, which speaks for itself, for a full and accurate statement of its contents.[6]

44. The first, second, and third sentences of this paragraph contain Plaintiff's characterization of an April 26, 2006 hearing before the PRRB, not allegations of fact, and thus no response is required. The Secretary respectfully refers the Court to the hearing transcript, which speaks for itself, for a full and accurate statement of its contents. The fourth sentence contains Plaintiff's characterization of a June 29, 2007 decision of the PRRB, not allegations of

---

[4] The responses in this paragraph, (¶ 41), are based upon counsel's review of documents contained in the administrative record of <u>Baptist Memorial Hospital v. Leavitt</u>, Case. No. 1:07cv1938 (RWR) (D.D.C.). The NPR referenced in paragraph 41 may be found in the administrative record in that case at pages 1457-75.

[5] The responses in this paragraph, (¶ 42), are based upon counsel's review of documents contained in the administrative record of <u>Baptist Memorial Hospital v. Leavitt</u>, Case. No. 1:07cv1938 (RWR) (D.D.C.). The March 19, 1998 letter referenced in paragraph 42 may be found in the administrative record in that case at pages 1453-55.

[6] The responses in this paragraph, (¶ 43), are based upon counsel's review of documents contained in the administrative record of <u>Baptist Memorial Hospital v. Leavitt</u>, Case. No. 1:07cv1938 (RWR) (D.D.C.). The October 25, 2005 letter referenced in paragraph 43 may be found in the administrative record in that case at pages 1240-41.

fact, and thus no response is required. The Secretary respectfully refers the Court to the full text

of the PRRB's decision, which speaks for itself, for a full and accurate statement of its contents.[7]

45. This paragraph contains Plaintiff's characterization of an August 29, 2007 decision

of the Administrator of CMS, not allegations of fact, and thus no response is required. The

Secretary respectfully refers the Court to the full text of the Administrator's Decision, which

speaks for itself, for a full and accurate statement of its contents.[8]

46. This paragraph contains a conclusion of law, not allegations of fact, to which no

response is required.

47. This paragraph contains Plaintiff's characterization of an administrative appeal

which is the subject of a case now pending in the Court of Appeals for this Circuit, Baptist

Memorial Hospital, Inc., et al. v. Leavitt, Case. No. 07-5269 (oral argument scheduled May 12,

2008), not allegations of fact, and thus no response is required.

48. Defendant lacks knowledge and information sufficient to form a belief as to the truth

of the allegations in the first sentence and, on that basis, he denies them. Denies the second

sentence.

49. Denies the first sentence, except to admit that by letter dated December 9, 2005,

---

[7] The responses in this paragraph, (¶ 44), are based upon counsel's review of documents contained in the administrative record of Baptist Memorial Hospital v. Leavitt, Case. No. 1:07cv1938 (RWR) (D.D.C.). The transcript of the PRRB's April 26, 2006 hearing referenced above may be found in the administrative record in that case at pages 112-30, and the PRRB's June 29, 2007 decision referenced above may be found in the administrative record in that case at pages 82-88.

[8] The responses in this paragraph, (¶ 45), are based upon counsel's review of documents contained in the administrative record of Baptist Memorial Hospital v. Leavitt, Case. No. 1:07cv1938 (RWR) (D.D.C.). The transcript of the Administrator's August 29, 2007 decision referenced above may be found in that record at pages 2-15.

Plaintiff's representative requested expedited judicial review on behalf of various providers, including provider number 44-0048 for the cost years ending 9/30/94 and 9/30/95, from the PRRB.  Denies the second sentence, except to admit that by letter dated January 4, 2006, the PRRB granted the providers' request for expedited judicial review.[9]

50.  This paragraph contains a conclusion of law, not allegations of fact, to which no response is required.

51-52.  Admits.

53.  The first sentence of this paragraph contains an excerpt from and Plaintiff's characterization of 42 U.S.C. § 1395oo(f)(1), not allegations of fact, and thus no response is required.  The Secretary admits that the excerpt of 42 U.S.C. § 1395oo(f)(1) is accurate, but denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.  The second and third sentences contain conclusions of law, not allegations of fact, to which no response is required.  The fourth sentence contains an excerpt from and Plaintiff's characterization of 42 C.F.R. § 405.1842(g)(4), and Plaintiff's characterization of 42 U.S.C. § 1395oo(f)(1), not allegations of fact, and thus no response is required.  The Secretary admits

---

[9] The responses in this paragraph, (¶ 49), are based upon counsel's review of documents contained in the administrative record of a case which is now the subject of an appeal in the Court of Appeals for this Circuit, Baptist Memorial Hospital, Inc., et al. v. Leavitt, Case No. 07-5269 (oral argument scheduled May 12, 2008) (referenced above at ¶ 47).  That case, with its accompanying administrative record, was originally captioned in the District Court as Baptist Memorial Hospital, Inc., et al. v. Leavitt, Case. No. 1:06cv0437 (JR) (judgment against Plaintiffs entered June 27, 2007).  The December 9, 2005 letter discussed above in paragraph 49 may be found in the administrative record in that case at pages 235-41, and the January 4, 2006 letter referenced above in paragraph 49 may be found in the administrative record in that case at pages 231-34.

that the excerpt from 42 C.F.R. § 405.1842(g)(4) is accurate, but denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

54.  This paragraph contains Plaintiff's characterization of 42 C.F.R. §§ 405.1837 and 405.1841(a)(2), and excerpts from and Plaintiff's characterization of the PRRB's Instructions, not allegations of fact, and thus no response is required.  The Secretary admits that the excerpts from the PRRB's Instructions are accurate, but denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.  The Defendant further avers that the PRRB's instructions are available at

http://www.cms.hhs.gov/PRRBReview/Downloads/PRRB_Instructions_March_03.pdf

55.  This paragraph contains a conclusion of law, not allegations of fact, to which no response is required.

56.[10]  This paragraph contains conclusions of law, an excerpt from and Plaintiff's characterization of 5 U.S.C. § 706, not allegations of fact, and thus no response is required.  The Secretary admits that the excerpt from 5 U.S.C. § 706 is accurate, but denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

57.  The first, second, third, and fifth sentences of this paragraph contain conclusions of

---

[10]  The remaining paragraphs in this Answer, (¶¶ 56-67), respond to paragraphs in the Complaint that appear under various headings which contain conclusions of law, not allegations of fact, and thus to which no response is required; to the extent a response is deemed necessary, denies that the paragraphs in the Complaint, (¶¶ 56-67), support the headings under which they appear, and denies the statements in the headings themselves.

law and characterizations of 42 U.S.C. § 413.30 and PRM §§ 2534 and 2531.1.A., not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents. Denies the fourth and sixth sentences.

58. Denies the first, second, and fourth sentences of this paragraph. The third sentence contains an excerpt from and Plaintiff's characterization of the PRRB's August 30, 2007 decision, not allegations of fact, and thus no response is required. The Secretary admits that the excerpt is accurate, but denies any characterization of the cited decision, which speaks for itself, and respectfully refers the Court to the cited decision, which can be found at AR 246-54, for a complete and accurate statement of its contents.

59. The first sentence of this paragraph contains Plaintiff's characterization of portions of this Complaint and of the PRRB's August 30, 2007 decision, to which no response is required. The Secretary denies any characterization of the cited decision, which speaks for itself, and respectfully refers the Court to the cited decision, which can be found at 246-54, for a complete and accurate statement of its contents. The second and third sentences contain conclusions of law, not allegations of fact, and thus no response is required.

60. The first sentence of this paragraph contains conclusions of law, not allegations of fact, and thus no response is required. The second sentence contains a conclusion of law and a characterization of PRM § 2921, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its

contents.  Defendant lacks knowledge and information sufficient to form a belief as to the truth

of the allegations in the second sentence regarding Plaintiff's usual practices when it submits

requests for PRRB hearings and, on that basis, he denies them.  The third sentence contains

conclusions of law and Plaintiff's characterization of a letter dated March 19, 1998 from Plaintiff

to the PRRB, not allegations of fact, and thus no response is required.  The Secretary respectfully

refers the Court to the full text of Plaintiff's March 19, 1998 letter to the PRRB, which speaks

for itself, for a full and accurate statement of its contents.[11]  The fourth sentence contains a

characterization of an adjustment contained within a September 23, 1997 NPR, not allegations of

fact, and thus no response is required.  The Secretary respectfully refers the Court to the NPR,

which speaks for itself, for a full and accurate statement of its contents.[12]  The fifth sentence

contains a characterization of an October 20, 2006 Stipulation between BMH-Memphis and the

Medicare Fiscal Intermediary and/or Plaintiff's characterization of the PRRB's October 24, 2006

hearing, not allegations of fact, and thus no response is required.  The Secretary denies any

characterization of the cited Stipulation and hearing, which speak for themselves, and

respectfully refers the Court to the transcript of the cited hearing, which can be found at AR 327-

87, and to the Stipulation, which can be found at AR 388-92, for a complete and accurate

---

[11]  The responses to the first, second, and third sentences of this paragraph, (¶ 60), are based upon counsel's review of documents contained in the administrative record of <u>Baptist Memorial Hospital v. Leavitt</u>, Case. No. 1:07cv1938 (RWR) (D.D.C.).  The March 19, 1998 letter referenced in paragraph 60 may be found in the administrative record in that case at pages 1453-55.

[12]  The response to the fourth sentence in this paragraph, (¶ 60), is based upon counsel's review of documents contained in the administrative record of <u>Baptist Memorial Hospital v. Leavitt</u>, Case. No. 1:07cv1938 (RWR) (D.D.C.).  The NPR referenced in paragraph 60 may be found in the administrative record in that case at pages 1457-75.

statement of their contents.

61. Denies.[13]

62. The first sentence contains Plaintiff's characterization of an October 15, 1999 letter from Michael Hash, Deputy Administrator, CMS, to The Honorable William V. Roth, Chairman, Senate Finance Committee, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the letter, which speaks for itself, and respectfully refers the Court to the text of letter for a full and accurate statement of its contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence, and on that basis, denies them. The third sentence contains Plaintiff's characterization of Medicare Program Memorandum A-99-62, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the Program Memorandum, which speaks for itself, and respectfully refers the Court to the text of the Program Memorandum, which can be found at AR 1092-96, for a full and accurate statement of its contents. The fourth, fifth, and sixth sentences contain excerpts from and Plaintiff's characterization of the PRRB's June 29, 2007 decision in PRRB Case No. 9801942 (PRRB Decision No. 2007-D43), not allegations of fact, and thus no response is required. The Secretary admits that the excerpts are accurate, but denies any characterization of the cited decision, which speaks for itself, and respectfully refers the Court to the cited decision for a complete and

---

[13]   Plaintiff's Complaint contains two paragraphs which are preceded by the number 60, and paragraph numbers 61-67 of Plaintiff's Complaint are misnumbered. For purposes of this Answer, Defendant assumes that Plaintiff intended for the second paragraph which is preceded by the number 60 to be paragraph number 61 and so forth.

accurate statement of its contents.  Denies the seventh sentence.[14]

63-64.  These paragraphs contain conclusions of law and Plaintiff's characterization of Medicare Program Memorandum A-99-62, not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the Program Memorandum, which speaks for itself, and respectfully refers the Court to the text of the Program Memorandum, which can be found at AR 1092-96, for a full and accurate statement of its contents.

65-66.  These paragraphs contain conclusions of law, not allegations of fact, and thus no response is required.

67.  Denies.

The remaining paragraphs of the Complaint contain Plaintiff's prayer for relief, to which no response is required.  To the extent that a response is deemed necessary, the Secretary denies the allegations contained in the remaining paragraphs of the Complaint.

Except to the extent expressly admitted or qualified above, the Secretary denies each and every allegation of Plaintiff's Complaint.

The Secretary respectfully requests that the Court enter judgment dismissing the Complaint with prejudice, affirming the validity of the challenged agency action, and awarding Defendant costs and such other relief as the Court may deem appropriate.

---

[14]  The responses in this paragraph, (¶ 62), are based upon counsel's review of documents contained in the administrative record of Baptist Memorial Hospital v. Leavitt, Case. No. 1:07cv1938 (RWR) (D.D.C.).  The letter referenced in paragraph 62 may be found in the administrative record in that case at pages 755-56.  See also CCH Medicare and Medicaid Guide ¶ 50,262 (containing a reproduction of that letter).  The PRRB's June 29, 2007 decision in PRRB Case No. 9801942 (PRRB Decision No. 2007-D43) can be found in the aforementioned administrative record at pages 82-88.

The Secretary will file separately a certified copy of the record of the administrative proceedings in this case.

Respectfully submitted,

__/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

__/s/_____
CHRISTOPHER B. HARWOOD
N.Y. Bar No. 4202982
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 Fourth Street, NW
Washington, DC 20530
(202) 307-0372

__/s/_____
JONATHAN C. BRUMER
D.C. Bar No. 463328
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare and Medicaid Services
330 Independence Ave., S.W., Room 5344
Washington, D.C. 20201
(202) 205-8703

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 16th day of April, 2008, the foregoing Defendant's

Answer will be served upon Plaintiff's counsel via the United States District Court's Electronic

Case Filing system.

\_\_/s/_____
CHRISTOPHER B. HARWOOD
N.Y. Bar No. 4202982
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 Fourth Street, NW
Washington, DC 20530
(202) 307-0372