**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BAPTIST MEMORIAL HOSPITAL, d/b/a )<br>BAPTIST MEMORIAL HOSPITAL-MEMPHIS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL O. LEAVITT, Secretary, )<br>U.S. Department of Health and Human Services, )<br>)<br>Defendant. )<br>_____ ) | Case No. 1:07CV02245 (RWR) |

**JOINT STATEMENT AND MOTION FOR PARTIAL STAY**

      The parties to the above-captioned action, through their undersigned counsel, hereby respectfully request a partial stay of proceedings in this matter. In support of this request, the parties state as follows:

      1. The Plaintiff in this action served the Office of the United States Attorney for the District of Columbia with a copy of its Complaint on January 10, 2008. The Secretary filed an Answer on April 16, 2008 and filed the certified administrative record on April 23, 2008. See Docket Entry Nos. 11, 12.

      2. In this case, the Plaintiff seeks judicial review of a Medicare reimbursement decision rendered pursuant to 42 U.S.C. § 1395oo. See Docket Entry No. 1, Complaint for Judicial Review of Final Adverse Agency Decision on Medicare Reimbursement ("Compl.") ¶ 4. More specifically, this action seeks judicial review of a final decision of the Administrator of the Centers for Medicare & Medicaid Services ("CMS") to reverse the decision entered in the Plaintiff's favor by the Provider Reimbursement Review Board ("PRRB"), following an

evidentiary hearing. Id. Review of the Administrator's decision is to be conducted as provided in the Administrative Procedure Act ("APA"). See 42 U.S.C. § 1395oo(f)(1); Compl. ¶ 4.

3. Counsel for Plaintiff, Baptist Memorial Hospital, d/b/a Baptist Memorial Hospital-Memphis ("Baptist-Memphis"), and for Defendant Michael O. Leavitt, the Secretary of Health and Human Services ("the Secretary"), have conferred. After reviewing the Complaint, Answer, and certified administrative record, the parties agree and respectfully submit that discovery is inappropriate and unnecessary, and that this case is exempt from the duty to hold a conference, the requirement of filing a Joint Meet and Confer Report, and the obligation to provide Initial Disclosures, because this is "an action for review on an administrative record." See LCvR 16.3(b)(1) (version effective Oct. 12, 2006); see also Fed. R. Civ. P. 26(a)(1)(B)(i), 26(f) (2008 ed.). Accordingly, the parties respectfully request that they be relieved of the obligations to have a Rule 26(f) conference and submit a joint meet and confer statement; to make initial disclosures; and to attend the June 11, 2008 Initial Scheduling Conference, which was ordered by this Court on May 27, 2008. See Docket Entry No. 13.

4. There are two primary legal issues presented in this action: The first is whether the CMS Administrator properly reversed the PRRB's decision in Baptist-Memphis's favor concerning the question of whether CMS properly denied Baptist's request for an exception to the Medicare routine cost limit ("RCL") applicable to Skilled Nursing Facilities in connection with its Fiscal Year Ending ("FYE") September 30, 1995 ("the RCL issue"). See, e.g., Compl. ¶¶ 1-2, 16-25, 57-58. The second issue is whether the CMS Administrator properly vacated the PRRB's decision in favor of Baptist-Memphis concerning whether Baptist-Memphis has a right to include in the calculation of its FYE 9/30/95 Medicare disproportionate share ("DSH")

2

payment, Medicaid Section 1115 expansion population waiver days for discharges prior to January 20, 2000, pursuant to the Secretary's "hold harmless policy" announced in CMS Program Memorandum ("PM") A-99-62 ("the Section 1115 hold harmless issue").  See, e.g., Compl. ¶¶ 1-2, 26-55, 59-67.

    5.  The parties also agree, and therefore respectfully submit, that Plaintiff's claims regarding the Section 1115 hold harmless issue should be stayed until the final resolution of a related case pending before the United States Court of Appeals for the District of Columbia Circuit, Baptist Memorial Hospital, Inc., et al. v. Leavitt, No. 07-5269 ("Baptist Memorial Hospital, Inc.") (appeal fully briefed; oral argument held on May 12, 2008).  Baptist Memorial Inc. began as a group appeal before the PRRB that initially reached district court through expedited judicial review.  See 42 U.S.C. § 1395oo(f)(1); 42 C.F.R. § 405.1842.  Baptist-Memphis participated in the group appeal for its FYE 9/30/95, which is also the subject of the instant case.  The issue presented in Baptist Memorial Inc. is whether the Medicare disproportionate share statute required the Secretary to include Medicaid "expansion population days" in the calculation of the disproportionate share hospital (DSH) payment adjustment for discharges occurring prior to January 20, 2000.  Although plaintiffs have raised an alternative theory based on statutory requirements for relief as part of the group appeal in Baptist Memorial Inc., as compared to the instant case based on the Secretary's hold harmless policy, the same underlying payment matter is at issue in the two cases:  whether Medicaid expansion population days should be included in the calculation of the DSH payment adjustment for Baptist-Memphis's FYE 9/30/95.  As is discussed below, the D.C. Circuit's decision in Baptist Memorial Hospital, Inc. could obviate the need for further proceedings on the Section 1115 hold harmless

issue in this case, and could also obviate the need for further proceedings in the related case of Baptist Memorial Hospital, d/b/a Baptist Memorial Hospital – Memphis v. Leavitt, Case No. 1:07CV01938 (RWR) (D.D.C.) ("FYE 1994 Case").

6. In support of the parties' motion for a stay on the Section 1115 hold harmless issue in the instant case, Baptist-Memphis hereby stipulates that, if this jointly requested stay is granted, Baptist-Memphis will pursue its claims on the hold harmless issue in this action only if the Secretary finally prevails in Baptist Memorial Hospital Inc.; conversely, if Plaintiff finally prevails in Baptist Memorial Hospital Inc, Plaintiff will promptly dismiss the portion of this action which concerns its claims regarding the Section 1115 hold harmless issue with prejudice. Consequently, depending upon how Baptist Memorial Hospital Inc. is finally decided, further proceedings regarding the Section 1115 hold harmless issue in this case may not be necessary, if the parties' motion for a stay is granted. On the other hand, absent the requested stay, the resources of this Court and the parties could unnecessarily be expended to litigate and resolve issues that could prove ultimately to be of no concern to the parties.

7. The parties further request that, in the event that the Court were to stay this action and the Secretary were to prevail ultimately in Baptist Memorial Hospital Inc, the parties should be required to confer and propose a briefing schedule concerning the Section 1115 hold harmless issue in this action within thirty (30) days after a final, non-appealable judgment has been entered in Baptist Memorial Hospital Inc..

8. The parties further agree, and therefore respectfully submit, that there is no reason to stay the RCL issue in this case pending the disposition of Baptist Memorial Hospital Inc. The parties agree that this portion of this action should proceed and will likely be disposed of based

4

on cross-motions for partial summary judgment. The parties hereby propose the following schedule for their respective briefs on the RCL issue.

    September 24, 2008:[1]    Plaintiff's Motion for Partial Summary Judgment

    October 24, 2008:    Defendant's Opposition (to Plaintiff's Motion for Partial Summary Judgment) and Cross Motion for Partial Summary Judgment

    November 24, 2008:    Plaintiff's Opposition and Reply

    December 22, 2008:    Defendant's Reply

The parties' proposed order is attached.

                        Respectfully submitted,

    __/s/_____
    JEFFREY A. TAYLOR, D.C. BAR # 498610
    United States Attorney

---

[1] This proposed briefing schedule, and the delay in the onset of briefing, reflects and is intended to accommodate currently existing work and vacation commitments of counsel for both parties. For example, Plaintiff's counsel has eight PRRB hearings scheduled for July, August and September 2008. Although Plaintiff's counsel expects some of these PRRB appeals to settle prior to the scheduled hearings, Plaintiff's counsel anticipates that at least four of those cases will proceed to hearing. In either case, all eight of these appeals will require extensive preparation for settlement purposes, as well as additional preparation and briefing for those that cannot be settled. In addition, Plaintiff's counsel must also prepare 14 position papers in support of other pending PRRB appeals between now and October 1, 2008.

    For his part, counsel for the Secretary will be responsible for the following matters, among others, within the next few months: (1) reviewing two sets of voluminous administrative records and drafting answers in connection with two separate District Court actions; (2) drafting several briefs in connection with a third District Court action; and (3) negotiating, finalizing and implementing settlement agreements and recommendations in connection with several administrative appeals.

5

\_\_/s/_____
CHRISTOPHER B. HARWOOD
N.Y. Reg. No. 4202982
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 Fourth Street, NW
Washington, DC 20530
(202) 307-0372


\_\_/s/_____
JONATHAN C. BRUMER
D.C. Bar No. 463328
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare and Medicaid Services
330 Independence Ave., S.W., Room 5344
Washington, D.C. 20201
(202) 205-8703

Counsel for Defendant


BENNETT BIGELOW & LEEDOM, P.S.

By \_\_\_/s/_____

Sanford E. Pitler, Esq., WSBA No. 16567
*Pro Hac Vice*
1700 Seventh Avenue, Suite 1900
Seattle, WA  98101
Telephone: (206) 622-5511
Email: pitler@bbllaw.com

6

QUAGLIANO & SEEGER, P.C.

By \_\_\_/s/_____

Julie Quagliano, Esq.,
D.C. Bar No. 393428

Michael C. Zisa, Esq.,
D.C. Bar No. 467724

2620 P Street, N.W.
Washington, D.C. 20007
Phone: (202) 822-8838
Fax: (202) 822-6982
Email: quagliano@quagseeg.com
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BAPTIST MEMORIAL HOSPITAL, d/b/a<br>BAPTIST MEMORIAL HOSPITAL-MEMPHIS,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL O. LEAVITT, Secretary,<br>U.S. Department of Health and Human Services,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 1:07CV02245 (RWR)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Having considered the parties' *Joint Statement and Motion for Partial Stay,* and the entire record herein, it is this _____ day of _____, 2008,

ORDERED that the parties' Joint Motion is GRANTED; and it is further

ORDERED that, this is an action for review on an administrative record under Fed. R. Civ. P. 26(a)(1)(B)(i), (f); LCvR 16.3(b)(1), discovery is inappropriate and unnecessary, and the parties are hereby relieved of the obligations to have a Rule 26(f) conference; to submit a joint meet and confer statement; to make initial disclosures; and to attend the June 11, 2008 Initial Scheduling Conference, which was set by the Court on May 27, 2008; and it is further

ORDERED that all proceedings on Plaintiff's claim concerning whether the CMS Administrator properly vacated the Provider Reimbursement Review Board's decision that Plaintiff had a right to include in the calculation of its FYE 9/30/95 Medicare disproportionate share ("DSH") payment Medicaid Section 1115 expansion population waiver days for discharges occurring prior to January 20, 2000, pursuant to the Secretary's "hold harmless policy" announced in CMS Program Memorandum ("PM") A-99-62 ("the Section 1115 hold harmless

issue"), are STAYED pending the entry of a final, non-appealable judgment in a related case pending before the United States Court of Appeals for the District of Columbia Circuit, <u>Baptist Memorial Hospital, Inc., et al. v. Leavitt</u>, No. 07-5269 ("<u>Baptist Memorial Hospital, Inc.</u>") (appeal fully briefed; oral argument held on May 12, 2008); and it is further

ORDERED that, if the plaintiff hospitals prevail in <u>Baptist Memorial Hospital, Inc.</u>, after a final, non-appealable judgment has been entered in that case, Plaintiff in the above-captioned action will promptly dismiss the portion of this action which concerns its claims regarding the Section 1115 issue with prejudice; and it is further

ORDERED that, if the Defendant Secretary of Health and Human Services finally prevails in <u>Baptist Memorial Hospital, Inc.</u>, the parties in the above-captioned action will confer and propose a briefing schedule regarding the Section 1115 issue in this action within thirty (30) days after a final, non-appealable judgment has been entered in the <u>Baptist Memorial Hospital, Inc.</u> case; and it is further

ORDERED that the parties shall submit dispositive motions concerning whether CMS properly disallowed Plaintiff's request for an exception to the Medicare routine cost limit applicable to Skilled Nursing Facilities in connection with its Fiscal Year Ending September 30, 1995, in accordance with the following briefing schedule:

| | |
|---|---|
| September 24, 2008: | Plaintiff's Motion for Partial Summary Judgment |
| October 24, 2008: | Defendant's Opposition (to Plaintiff's Motion for Partial Summary Judgment) and Cross Motion for Summary Judgment |

November 24, 2008: Plaintiff's Opposition and Reply

December 22, 2008: Defendant's Reply

_____
RICHARD W. ROBERTS
United States District Court Judge

Copy to:  ECF Counsel